UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHE MAC, | ) | CASE NO. CV 04-06927 RZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

///

///

I.

Plaintiff Che Mac applied for supplemental security income on May 26, 1999, alleging that she had been disabled since June 1, 1998. [AR 90] The Social Security Administration denied the application both initially and on reconsideration [AR 33-34], and Plaintiff then proceeded to an administrative hearing on November 2, 2000. The Administrative Law Judge took testimony from Plaintiff, a medical expert and a vocational expert, and received exhibits into evidence, but determined that Plaintiff was not disabled. [AR 38 *et seq*.] The Appeals Council remanded the matter, leading to a second hearing on January 9, 2003, after which the Administrative Law Judge again concluded Plaintiff was not disabled. [AR 20 *et seq.*] The Appeals Council denied review [AR 8-11], thereby making the decision of the Administrative Law Judge the decision of the Commissioner. 20 C.F.R. § 404.981; *Sims v. Apfel,* 530 U.S. 103, 107 (2000), 120 S. Ct. 2080, 147 L. Ed. 2d 80. Plaintiff timely sought review in this Court.

II.

Plaintiff argues that she is unable to perform work that requires more than a "little contact with supervisors," and that the Administrative Law Judge erred in concluding otherwise. (The vocational expert testified that jobs did exist for someone with Plaintiff's undisputed restrictions who is *not* limited to "little contact with supervisors," but that jobs did *not* exist for the same hypothetical claimant if the little-supervisor-contact limitation were added. [AR 392-94])   The Court disagrees.

In support of her assertions that she merits a "little contact with superiors" limitation, Plaintiff cites a portion of a psychological evaluation by consultative examiner Margaret A. Donahue, Ph.D., who essentially found that Plaintiff behaved so deceptively – "exaggerating" and "malingering" – as to render impossible any accurate understanding of Plaintiff's mental state, prompting the doctor to abort the examination before completing it. [AR 176-79] Plaintiff asserts that Dr. Donahue "opined that Ms. Mac suffered from depression with significant mental limitations," but such is not a fair representation of the

report. Dr. Donahue stated that Plaintiff "was uncooperative and unable to put forth even a minimal effort. She clearly appears to be exaggerating the nature and degree of her symptoms." [AR 177] Assessing Plaintiff's memory "was difficult due to the degree of fabrication of memory problems." [AR 178] Plaintiff's concentration and attention span were diminished, but only "slightly." [*Id.*] Dr. Donahue's "bottom line" was that although Plaintiff "may actually have some mental illness and certainly does appear to be depressed, she is so exaggerating her symptoms that it is hard to diagnose her. . . . [¶] [H]er presentation is so exaggerated that it's not able to be determined how valid her complaints are." [AR 179]

Plaintiff also cites the report of another consultative examiner, clinical psychologist Steven I. Brawer, Ph.D., but Dr. Brawer's observations of Plaintiffs' exaggeration and malingering were similar to Dr. Donahue's. As occurred in Dr. Donahue's examination, several of Dr. Brawer's tests of Plaintiff were aborted, or otherwise deemed unreliable indicators, due to Plaintiff's malingering or refusal to cooperate. [*See generally* AR 257-65] Among Dr. Brawer's guarded conclusions was that Plaintiff could "work independently in performing basic tasks but may be unmotivated to do so. . . . [She] *may have mild-to-moderately impaired functioning in her ability to sustain cooperative relationships with co-workers and supervisors*." [AR 265 (emphasis added)] The italicized portion of Dr. Brawer's report supports Plaintiff's argument that she should be restricted to "little contact with supervisors." However, in stating that Plaintiff's impairment in working with supervisors may be only mild, it likewise supports the Administrative Law Judge's finding that Plaintiff *could* accommodate more than just a "little contact" with supervisors.

Finally, Plaintiff cites the testimony of the medical expert, Julian Kivowitz, M.D., who based his testimony on his review of the reports by Drs. Donahue and Brawer, as well as records from Plaintiff's treating physician, Kuang J. Huang, M.D. Dr. Kivowitz testified that Plaintiff should have a "moderate" limitation on "social interaction." [AR 384] But "social interaction" is not what occurs, typically, when an employee receives

direction from, and otherwise has contact with, her supervisor.  Even if such interactions are "social," moreover, a "moderate" limitation on social interaction is not necessarily at odds with the Administrative Law Judge's challenged finding that Plaintiff "can relate and interact with supervisors, but has little or no capacity to relate and interact with the public and co-workers."

In sum, substantial evidence supports the Commissioner's decision, and it is free of any legal error cited by Plaintiff.

### III.

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED:   September    7   , 2005

/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE